UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-31045-EEB |
| MACLOVIO C. MARTINEZ ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**MOTION TO APPROVE SALE OF REAL PROPERTY FREE
AND CLEAR OF LIENS CLAIMS AND ENCUMBRANCES
(3625 County Road 21, San Luis, Colorado)**

The Debtor, by and through his attorneys, Kutner Miller Brinen, P.C., respectfully moves this Court pursuant to 11 U.S.C. Section 363 and Bankruptcy Rules 6004, 9014 and 4001 for entry of an Order authorizing the Debtor to sell certain real property free and clear of liens, claims and encumbrances, and as grounds therefore states as follows:

### BACKGROUND

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 6, 2009 ("Petition Date"). The Debtor remains a Debtor-in-Possession.

2. The Debtor is an individual who, among other things, owns real property in San Luis. Colorado.

3. The Debtor has an opportunity to immediately sell his real property located at 3625 County Road 21, San Luis, CO 81152, containing approximately 259.7 acres ("Property"). The Debtor owns the Property jointly with his son, Francisco Martinez (collectively with the Debtor as "Sellers"). The Debtor proposes to sell the Property to Bobby Hill ("Buyer").

4. The Property is subject to two secured claims. A review of the security interest currently encumbering the Property is generally set forth as follows:

   a. A Deed of Trust to secure a loan made by U.S. Bancorp ("US Bank"). The US Bank Deed of Trust collateralizes multiple properties owned by the Debtor including the Property. The outstanding balance on this loan was approximately $150,000 on the Petition Date.

   b. A Deed of Trust to secure a loan held by CapFinancial Properties CV2, LLC. The Deed of Trust encumbers the Property. The amount outstanding on the loan is approximately $65,617.

5. The Debtor entered into a proposed Memorandum of Sale ("Sale Memo"), subject to Court approval. A copy of the Sale Memo is attached hereto and incorporated herein as Exhibit A.

6. The Sale Memo provides for the sale of the Property for a purchase price of $100,000. A closing can occur once the Sale Memo and this Motion are approved by the Court. There are no real estate broker's fees associated with this sale. The Principal terms of the Sale Memo are:

   a. The Buyer shall pay the total purchase price of $100,000 upon closing.
   b. The Sellers shall pay for the title insurance, one half of the closing fee, and any taxes due as of the closing date, including a pro-rata portion of the 2010 taxes.
   c. The Buyer shall pay one half of the closing fee and all recording costs.
   d. The Sellers shall execute a general warranty deed conveying the Property to the Buyer at closing.
   e. Closing shall take place no later than March 1, 2010 (the buyer has stated he will close upon Court approval if later).
   f. The Sale Memo is subject to Court approval.

**RELIEF REQUESTED**

7. The Debtor is seeking Court authorization to sell the Property pursuant to Bankruptcy Code § 363 free and clear of all liens, claims and encumbrances. All liens, claims and encumbrances will attach to the proceeds of the sale in the order of their priorities.

8. Section 363(b) of the Bankruptcy Code provides authority for a trustee and, through the application of Bankruptcy Code section 1107(a), a debtor-in-possession, "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Bankruptcy Court's power to authorize a sale under section 363(b) is to be exercised at the Court's discretion. In re WPRV-TV, Inc., 983 F.2d 336, 340 (1st Cir. 1993); New Haven Radio, Inc. v. Meister (In re Martin-Trigona), 760 F.2d 1334, 1346 (2d Cir. 1985); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069 (2d Cir. 1983).

10. Courts have authorized a sale of a debtor's assets pursuant to section 363(b) of the Bankruptcy Code or in the absence of a reorganization plan where there is a "sound business purpose." In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); Titusville Country Club v. Penn Bank (In re Titusville Country Club), 128 B.R. 396 (Bankr. W.D.Pa. 1991); In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc., 77 B.R. 15 (Bankr. E.D.Pa. 1987). See also, Stephens Indus., Inc. v. McClune, 789 F.2d 386 (6th Cir. 1986); In re Lionel Corp., 722 F.2d at 1071 (setting forth the "sound business purpose" test in the context of a sale of assets under section 363(b) of the Bankruptcy Code).

11. It is in the best interests of the Debtor, his estate and his creditors to sell the Property as soon as possible. Sale of the Property will provide the Debtor with funds to pay secured creditors, will allow the Debtor to reduce his secured debt, and will enable the Debtor to sell an asset, providing a benefit to the estate, for fair market value.

12. The Debtor and the estate are receiving no financial benefit from retaining the Property and the Debtor will continue to incur expenses related to the Property if it is not sold.

13. Courts have also required that the sale price be fair and reasonable and that the sale be the result of good-faith negotiations with the buyer. In re Abbotts Dairies of Pa., 788 F.2d 143, 147-50 (3rd Cir. 1986); In re Tempo Technology Corp., 202 B.R. 363, 367 (D. Del. 1996), aff'd sub nom. Diamond Abrasives Corp. v. Temtechco, Inc. (In re Temtechco, Inc.), 141 F.3d 1155 (3d Cir. 1998); In re Industrial Valley, 77 B.R. at 22; In re Stroud Ford, Inc., 163 B.R. 730 (Bankr. M.D. Pa. 1983); See also In re Ewell, 958 F.2d 276 (9th Cir. 1992) (declining to set aside or modify a sale pursuant to section 363 of the Bankruptcy Code because the price was fair and reasonable and the buyer was a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code).

14. While the Bankruptcy Code does not define "good faith," courts have held that for purposes of section 363(m), a "good faith purchaser" is one who buys "in good faith" and "for value" and that lack of good faith is shown by fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. In re Abbots Diaries of PA., 788 F.2d at 147; In re Tempo Technology Corp., 202 B.R. at 367. The sale proposed in this Motion was negotiated at arms length and provides an immediate benefit to the Debtor, the estate, and his creditors.

15. The Debtor requests authorization to sell the Property free and clear of liens, claims

and encumbrances and other interests. Section 363(f) of the Bankruptcy Code authorizes a debtor in possession to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

 (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

 (2) such entity consents;

 (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 (4) such interest is in bona fide dispute; or

 (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

 16. All lienholders could be compelled to accept a money satisfaction of their interests, thereby satisfying § 363(f)(5) of the Bankruptcy Code. See, e.g., In re James, 203 B.R. 449, 453 (Bankr. W.D.Mo. 1997); In re Grand Slam U.S.A., Inc., 178 B.R. 460, 463-64 (E.D. Mich. 1995); WPRY-TV, Inc., 143 B.R. at 321. Courts considering this issue have held that the "cramdown" provision under the Bankruptcy Code constitutes such a "legal or equitable proceeding" and permits a sale free and clear pursuant to section 363(f)(5). See, e.g., Grand Slam U.S.A., Inc., 178 B.R. at 464; Scherer v. Federal National Mortgage Association (In re Terrace Chalet Apartments), 159 B.R. 821, 829 (N.D. Ill. 1993); In re Healthco Int'l, Inc., 174 B.R. 174, 176-77 (Bankr. D.Mass. 1994).

 17. The proceeds of the sale will be deposited into Kutner Miller Brinen P.C.'s trust account, not to be distributed without further order of the Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, authorizing the sale of the Property free and clear of all liens, claims and encumbrances, and granting such further and additional relief as to the Court may appear proper.

DATED: February 19, 2010    Respectfully submitted,

By: _____
Aaron A. Garber (#36099)
Benjamin H. Shloss (#39276)
Kutner Miller Brinen, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 19, 2010, I served by prepaid first class mail a copy of the foregoing **MOTION FOR APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (3625 COUNTY ROAD 21, SAN LUIS, COLORADO); NOTICE OF MOTION FOR APPROVAL OF SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS CLAIMS AND ENCUMBRANCES (3625 COUNTY ROAD 21, SAN LUIS, COLORADO); AND ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES (3625 COUNTY ROAD 21, SAN LUIS, COLORADO)** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Leo Weiss, Esq.
United States Trustee's Office
999 18th Street
Suite 1551
Denver, CO 80202

Maclovio C. Martinez
12632 East Frontage Road
Longmont, CO 80504

Richard D. Beller, Esq.
Ringenberg, Funk & Beller, P.C.
215 West Oak Street
10th Floor
Fort Collins, CO 80521

William G. Horlbeck, Esq.
216 Sixteenth Street
Suite 1210
Denver, CO 80202

David von Gunten, Esq.
Von Gunten Law, LLC
2696 South Colorado Blvd.
Suite 302
Denver, CO 80222

Paul Urtz, Esq.
1660 Lincoln Street
Suite 2850
Denver, CO 80264

Aaron J. Conrardy, Esq.
13111 East Briarwood Avenue
Suite 340
Englewood, CO 80112

**AND ALL CREDITORS LISTED ON THE ATTACHED MATRIX**

/s/ Vicky Martin
Vicky Martin

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 09-31045-EEB<br>District of Colorado<br>Denver<br>Fri Feb 19 10:15:41 MST 2010 | Aggregate Industries - WCR, Inc.<br>c/o Paul G. Urtz<br>1660 Lincoln Street, #2850<br>Denver, CO 80264-2800 | Aggregate Industries, Inc.<br>Larry Brookman<br>3605 South Teller Street<br>Lakewood, CO 80235-2115 |
| American Express<br>PO Box 650448<br>Dallas, TX 75265-0448 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | American Pride Co-op<br>216 16th St. Ste. 1210<br>Denver CO 80202-5194 |
| Richard D. Beller<br>215 W. Oak St.<br>10th Floor<br>Ft. Collins, CO 80521-2730 | Brice Steele, Esq.<br>Gaunt, Dirrim, Coover & Steele, P.C.<br>25 South 4th<br>Brighton, CO 80601-2029 | CEMEX, Inc.<br>410 - 17th Street, Suite 2200<br>Denver, CO 80202-4432<br>Attn: Steven E. Abelman |
| CapFinancial Properties CV2, LLC<br>c/o Richard D. Beller<br>215 W. Oak St. 10th Fl.<br>Fort Collins CO 80521-2730 | CapFinancial Properties, CV2,LLC<br>508 3rd Street<br>Prinsberg, MN 56281 | Cemex, Inc. f/k/a Southdown, Inc.<br>Keith D. Nicholson<br>1200 Smith Street<br>Suite 2400<br>Houston, TX 77002-4315 |
| City of Meade<br>441 Third Street<br>Meade, CO 80542 | Colorado Department Of Revenue<br>1375 Sherman St.<br>Room 504<br>Attention Bankruptcy Unit<br>Denver CO 80261-0001 | Aaron J. Conrardy<br>13111 E. Briarwood Ave.<br>Ste. 340<br>Englewood, CO 80112-3913 |
| Elva Vigil<br>R.R. 1, Box 124<br>San Acacio, CO 81151-9700 | Fernando Martinez<br>1232 East Frontage Road<br>Longmont, CO 80504 | Francisco Martinez<br>1232 East Frontage Road<br>Longmont, CO 80504 |
| Frascona, Joinder, Goodman & Greenstein<br>4750 Table Mesa Drive<br>Boulder, CO 80305-5500 | Frascona, Joiner, Goodman and Greenstein<br>c/o Karen J. Radakovich, Esq.<br>4750 Table Mesa Drive<br>Boulder, CO 80305-5500 | Aaron A Garber<br>303 E. 17th Ave.<br>Ste. 500<br>Denver, CO 80203-1258 |
| Guadalupe Parish Credit Union<br>217 W 3rd Avenue<br>Antonito, CO 81120 | William G. Horlbeck<br>216 16th St.<br>Ste. 1210<br>Denver, CO 80202-5194 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| John McDermott, Esq.<br>Holme, Roberts & Owen<br>1700 Lincoln Street, Suite 4100<br>Denver, CO 80203-4541 | Maclovio C. Martinez<br>12632 East Frontage Road<br>Longmont, CO 80504 | David M. Miller<br>303 E. 17th Ave.<br>Ste. 500<br>Denver, CO 80203-1258 |
| Mountain Cement Company<br>Bruce Ballinger, President<br>5 Sand Creek Road<br>Laramie, WY 82070-6865 | Mountain Cement Company<br>c/o Philip A. Nichola<br>Nicholas & Tangeman, LLC<br>PO Box 928<br>Laramie, WY 82073-0928 | Natalia Lorena Infante<br>fka Natalia Lorean Martinez<br>c/o William L. Crosier,<br>1010 9th Ave.,<br>Greeley, CO 80631-4014 |

| | | |
|---|---|---|
| Philip A. Nicholas, Esq.<br>Anthony Nicholas, Esq.<br>Tangeman & Yates, LLC<br>170 North 5th/P.O. Box 928<br>Laramie, WY 82073-0928 | Prinsbank<br>508 3rd Street<br>Prinsburg, MN 56281 | Securities and Exchange Commission<br>Midwest Regional Office<br>175 W. Jackson Blvd.<br>Ste. 900<br>Chicago IL 60604-2615 |
| Security & Exchange Commission<br>Central Regional Office<br>1801 California St.<br>Ste. 1500<br>Denver CO 80202-2656 | U.S. Bancorp<br>1550 East 79th Street<br>Suite 575<br>Bloomington, MN 55425-1139 | US Bancorp Equipment Finance, Inc.<br>c/o David von Gunten, Esq.<br>2696 South Colorado Blvd.<br>Suite 302<br>Denver, CO 80222-5938 |
| US Trustee<br>999 18th St.<br>Ste. 1551<br>Denver, CO 80202-2415 | Paul G. Urtz<br>1660 Lincoln St.<br>Ste. 2850<br>Denver, CO 80264-2800 | (p)WACHOVIA DEALER SERVICES INC<br>BK DEPARTMENT<br>PO BOX 19657<br>IRVINE CA 92623-9657 |
| Wachovia Dealership Center<br>PO Box 25314<br>Santa Ana, CA 92799-5314 | Leo M. Weiss<br>999 18th St.<br>Ste. 1551<br>Denver, CO 80202-2415 | David von Gunten<br>2696 S. Colorado Blvd.<br>Ste. 302<br>Denver, CO 80222-5938 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| IRS<br>PO Box 21126<br>Philadelphia PA 19114 | Wachovia Dealer Services<br>PO box 19657<br>irvine, CA 92623 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Aggregate Industries - WCR, Inc. | (u)American Pride Coop | (u)Elizabeth E. Brown |
| (u)CapFinancial Properties CV2, LLC | (u)McCartney Engineering LLC | (u)Paul G. Urtz, Esq.<br>Stutz, Miller & Urtz, LLC<br>1660 Lincoln Street<br>Suite 2850 |
| (u)U.S. Bancorp Equipment Finance, Inc. | (u)Wachovia Dealer Services, Inc. | End of Label Matrix<br>Mailable recipients    41<br>Bypassed recipients     8<br>Total                  49 |

## MEMORANDUM OF SALE

**MACLOVIO C. MARTINEZ** and **FRANCISCO MARTINEZ** agrees to sell and CVR **PROPERTIES, LTD.**, agrees to purchase, pursuant to the provisions of this Memorandum, the following real property, including all of the Seller's right, title, and interest in and to or in any way pertaining to the following described real property:

Being a portion of Section 13, Township 1 North, Range 72 West of the 6th P.M., Costilla Estates Survey, so-called, described as follows:

Beginning at a stone marked "MS-11" located on the West side of the San Luis-Amalia County Road;
Thence North 10° East 500.38 feet to a stone marked "MS-10";
Thence South 89°30' West 3,643.1 feet to a stone marked "1/16";
Thence South 00°11' West 2,639.1 feet to a stone marked "1/16";
Thence North 89°30' East 1,326.5 feet to a stone marked "1/16";
Thence South 00°11' West 1,319.55 feet to a stone marked "1/4";
Thence North 89°30' East 1,326.5 feet;
Thence the same course about 230 feet to the Western edge of the aforementioned San Luis-Amalia public road;
Thence along and with the Western edge of said public road North 11°00' East to the point of beginning;

said tract containing 259.70 acres, more or less;

TOGETHER WITH all water and water rights, ditches and ditch rights, wells and well rights, which are or may be used on or in connection with the above described real property conveyed hereby at the present time or any time hereafter, including, but not limited to, adjudicated water rights and decrees and priorities therefore; unadjudicated water rights and appropriations; rights in water from tributary and nontributary sources, whether surface or underground; conditional water rights; rights existing under well permits issued by the State Engineer; rights and permits in designated groundwater basins; all rights in tributary water existing by virtue of land ownership; all rights in nontributary water existing by virtue of land ownership; all aboriginal rights, pueblo rights, reserve rights, and other rights no derived from state law; all rights claimed under contract, exchange, or plans of augmentation; all canals, reservoirs, pipelines, tunnels; and rights of way appurtenant to or used in connection with the above described real property.

The total purchase price to be paid is the sum of One Hundred Thousand and No/100ths Dollars ($100,000.00) upon Closing. Each party shall pay the following costs.

Seller's costs shall be as follows:

| | | |
|---|---|---|
| 1. | Title Insurance | $525.00 |
| 2. | One-Half Closing Fee | $100.00 |
| 3. | 2009 & Prior Taxes | |
| 4. | 2010 Taxes to Closing. | Pro-rated |

EXHIBIT A

Purchaser's costs shall be as follows:

1. One-Half Closing Fee    $100.00
2. All Recording Costs

Purchaser shall obtain, at Seller's cost as set forth above, a title insurance commitment and policy. Purchaser shall have the right to inspect the title insurance commitment not less than ten (10) days prior to Closing. Written notice by Purchaser of unmerchantability of title or of any other unsatisfactory title condition shown by the Title Documents shall be signed by or on behalf of Purchaser and given to Seller no later than five (5) calendar days prior to Closing. If Seller does not receive Purchaser's notice by the time specified above, Purchaser shall be deemed to have accepted the condition of title as disclosed by the title commitment as satisfactory.

If Seller receives notice of unmerchantability of title or any other unsatisfactory title condition(s) as provided above, Seller shall use reasonable efforts to correct said unsatisfactory items and bear any nominal expense to correct the same prior to Closing, or any extension of the Closing approved by Purchaser. If such unsatisfactory title condition(s) are not corrected on or before Closing, or any extension approved by Purchaser, this contract shall then terminate; provided, however, Purchaser may, by written notice received by Seller, on or before Closing, or any extension thereof, waive objection to such items.

Seller shall execute and deliver a good and sufficient general warranty deed to Purchaser at Closing.

Closing shall take place no later than March 1, 2010. The Closing shall occur by mail through Motz Law Firm, LLC, P.O. Box 779, Alamosa, CO 81101.

This contract is contingent on Bankruptcy Court approval by way of an order approving the sale in Seller's Chapter 11 bankruptcy proceeding.

"SELLER"                              "PURCHASER"

_____       _____
Maclovio C. Martinez, DIP             Bobby Hill

_____
Francisco Martinez

Purchaser's costs shall be as follows:

1. One-Half Closing Fee $100.00
2. All Recording Costs

Purchaser shall obtain, at Seller's cost as set forth above, a title insurance commitment and policy. Purchaser shall have the right to inspect the title insurance commitment not less than ten (10) days prior to Closing. Written notice by Purchaser of unmerchantability of title or of any other unsatisfactory title condition shown by the Title Documents shall be signed by or on behalf of Purchaser and given to Seller no later than five (5) calendar days prior to Closing. If Seller does not receive Purchaser's notice by the time specified above, Purchaser shall be deemed to have accepted the condition of title as disclosed by the title commitment as satisfactory.

If Seller receives notice of unmerchantability of title or any other unsatisfactory title condition(s) as provided above, Seller shall use reasonable efforts to correct said unsatisfactory items and bear any nominal expense to correct the same prior to Closing, or any extension of the Closing approved by Purchaser. If such unsatisfactory title condition(s) are not corrected on or before Closing, or any extension approved by Purchaser, this contract shall then terminate; provided, however, Purchaser may, by written notice received by Seller, on or before Closing, or any extension thereof, waive objection to such items.

Seller shall execute and deliver a good and sufficient general warranty deed to Purchaser at Closing.

Closing shall take place no later than March 1, 2010. The Closing shall occur by mail through Motz Law Firm, LLC, P.O. Box 779, Alamosa, CO 81101.

This contract is contingent on Bankruptcy Court approval by way of an order approving the sale in Seller's Chapter 11 bankruptcy proceeding.

"SELLER"

_____
Maclovio C. Martinez, DIP

_____
Francisco Martinez

"PURCHASER"

_____
Bobby Hill